21-1656-cr
United States v. Dupigny

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty-two.

PRESENT: RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
SARAH A. L. MERRIAM,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                No. 21-1656-cr

HUBERT DUPIGNY, AKA FOX,

*Defendant-Appellant.**

------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

1

FOR DEFENDANT-APPELLANT: BEVERLY H. VAN NESS, Law Firm of Beverly Van Ness, New York, NY

FOR APPELLEE: ELINOR L. TARLOW, Assistant United States Attorney (Jacob H. Gutwillig, Michael R. Herman, David Abramowicz, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney, Southern District of New York, New York, NY

Appeal from a judgment of conviction entered in the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and the appeal is DISMISSED in part.

Hubert Dupigny appeals from a judgment of conviction entered on July 6, 2021, in the United States District Court for the Southern District of New York (Furman, J.), following a jury trial at which he was convicted of sex trafficking and conspiring to commit sex trafficking in violation of 18 U.S.C. §§ 1591 and 1594. Dupigny was sentenced principally to 300 months' imprisonment on each count, to be served concurrently. We assume the parties' familiarity with the

underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and dismiss the appeal in part.

Dupigny challenges the procedural and substantive reasonableness of his sentence. "A district court commits procedural error where it fails to calculate the [Sentencing] Guidelines range (unless omission of the calculation is justified . . .), makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory," "does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). It commits substantive error "only in exceptional cases where [its] decision cannot be located within the range of permissible decisions." Id. at 189 (quotation marks omitted).

We apply harmless-error review to preserved claims of error and plain-error review to claims of error raised for the first time on appeal. See United States v. Groysman, 766 F.3d 147, 155 (2d Cir. 2014).

I.     Procedural Reasonableness

We start with Dupigny's claim that his sentence is procedurally unreasonable. Dupigny argues that the District Court miscalculated his criminal

3

history points by (1) applying section 4A1.1(d) of the Sentencing Guidelines, which provides for the addition of two points "if the defendant committed the instant offense while under any criminal justice sentence," and (2) denying his request for a downward departure under section 4A1.3(b)(1), which permits a departure if the "criminal history category substantially over-represents the seriousness of the defendant's criminal history."

The District Court applied section 4A1.1(d) because Dupigny continued to run the sex-trafficking ring while in custody pending sentencing for petit larceny. Dupigny argues for the first time on appeal that this was error because pre-trial detention does not constitute a "criminal justice sentence." Assuming without deciding that this was an error, it did not affect Dupigny's "substantial rights" for the purposes of plain-error review. United States v. Marcus, 628 F.3d 36, 42 (2d Cir. 2010). An error affects "substantial rights" when it "affect[s] the outcome of the district court proceedings." Id. (quotation marks omitted). Here, the addition of two points would not have affected Dupigny's sentence because it would not have altered his criminal history category. Accordingly, Dupigny's unpreserved argument concerning section 4A1.1(d) fails.

Dupigny's preserved argument that the District Court erred when it

denied his motion for a downward departure fares no better. "[W]e have held in the post-Booker sentencing regime that a refusal to downwardly depart" is appealable "only when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." United States v. Cuevas, 496 F.3d 256, 267–68 (2d Cir. 2007) (quotation marks omitted). Because Dupigny concedes that the District Court "recognized its authority to depart," Appellant's Br. 25, we dismiss for "lack of appellate jurisdiction" this portion of the appeal in which Dupigny claims that the District Court erred by refusing to apply a downward departure. United States v. Desena, 260 F.3d 150, 159 (2d Cir. 2001).

Dupigny next argues that the District Court erroneously calculated the Guidelines by applying enhancements under sections 2G1.3(b)(2)(B) (which applies if the defendant "unduly influenced a minor to engage in prohibited sexual conduct") and 3B1.1(a) (which applies if the defendant "was an organizer or leader of a criminal activity"). We review the factual determinations underlying a district court's Guidelines calculation for clear error. See United States v. Watkins, 667 F.3d 254, 261 (2d Cir. 2012). Here, the trial evidence supports the District Court's finding that Dupigny organized and led a sex-

trafficking ring that exploited three minors. Because Dupigny was at least ten years older than his victims, there is a "rebuttable presumption" that he "unduly influenced" them. U.S.S.G. § 2G1.3(b)(2) cmt. 3(B). Despite Dupigny's claims to the contrary, the presumption is not overcome by his victims' alleged willingness to engage in commercial sex work. See Watkins, 667 F.3d at 264–66. We therefore conclude that the District Court did not clearly err in applying these two enhancements.

Dupigny also contends that the District Court erroneously relied on acquitted conduct — namely, Dupigny's alleged exploitation of Victim 2 — to increase his base offense level. We are not persuaded. "[I]t is established that a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." United States v. Delva, 858 F.3d 135, 160 (2d Cir. 2017) (quotation marks omitted). Upon review, we identify no error in the District Court's determination, based on a preponderance of the evidence before it, that Dupigny trafficked Victim 2. In particular, Victim 1 testified that she worked with Victim 2 to make money for Dupigny and watched Victim 2 give Dupigny a portion of her earnings, and there was also evidence

that Dupigny posted photographs online advertising Victim 2 for commercial sex acts.

Finally, Dupigny claims that the District Court failed adequately to consider certain sentencing factors under 18 U.S.C. § 3553(a). But the District Court explicitly considered the mitigating factors that Dupigny asserts it overlooked. Accordingly, as with Dupigny's other claims of procedural error, we reject this claim.

## II. Substantive Reasonableness

We also conclude that Dupigny's sentence is substantively reasonable. Dupigny argues that his 300-month concurrent sentences are substantively unreasonable because his victims had already engaged in commercial sex work when they met him, and they intended to continue doing so. Even if the trial evidence supported this argument, it would not require us to vacate Dupigny's sentences. A jury concluded beyond a reasonable doubt that Dupigny organized a sex-trafficking ring that exploited minors, and the trial evidence showed that Dupigny threatened one of those minors with a gun. In addition, the District Court determined that Dupigny committed perjury and refused to take responsibility for his crimes. Finally, Dupigny faced a life sentence under the

Guidelines.  In sum, Dupigny's 300-month concurrent sentences are not "shockingly high" under the circumstances, and we identify no abuse of discretion.  <u>United States v. Rigas</u>, 583 F.3d 108, 123 (2d Cir. 2009).

We have considered Dupigny's remaining arguments and conclude that they are without merit.  For the foregoing reasons, we DISMISS Dupigny's challenge to the District Court's denial of his motion for a downward departure, and otherwise AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court